

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
~~WILL WILSON~~ XXXXXXX
**ATTORNEY GENERAL**

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-5907

Re: Whether or not the
Comptroller of Public
Accounts has any control
over the funds held in
the State Treasury in
trust under Article 548,
Revised Civil Statutes.

You propound for our opinion the following:

"Reference is made to your Opinions Nos. O-5800, O-5729, and
O-5721. The question has arisen in this department and in the
Treasury Department as to whether the Comptroller has any control
over the funds held in the Treasury in trust under Art. 540 of
the Revised Civil Statutes of Texas.

"If the Treasurer in fact holds funds under Art. 540 in trust and
which funds are not any part of the public funds in the State
Treasury proper, then is this department required to issue warrants
on a claim for disbursement of such funds?"

You are respectfully advised that in the opinion of this department
the Comptroller of Public Accounts is not required, nor is he
permitted, to issue warrants on a claim or claims for disbursement
of trust funds heretofore deposited with the State Treasurer in
pursuance of Article 540 of the Revised Civil Statutes of 1925.

Article 540 of the Revised Civil Statutes, 1925, with respect to
the final settlement of the affairs of a state bank in voluntary
dissolution, declares:

"The board of directors shall thereupon give notice to all
depositors, creditors and stockholders of the adoption of such
resolution by publication thereof once a week in a daily or
weekly newspaper for three months thereafter, and by a written
or printed notice personally served upon or mailed to every
depositor, creditor or stockholder of such corporation at his
last known residence, postage fully paid. Within six months after

the filing of such certificate, the corporation shall pay all sums due depositors and creditors whom they can discover and who claim the moneys due them; and upon the expiration of said six months, it shall be the duty of the corporation to make a statement from the books of said corporation, certified by the president and secretary, of the names of all depositors and creditors who have not claimed or have not received the balances to their credit or due them respectively, and to file the same with the State Treasurer and to pay the said State Treasurer all such unclaimed deposits, moneys and credits for the use and benefit of such depositors and creditors. The board of directors shall then divide the capital stock, guaranty and indemnity fund and all other assets or the proceeds thereof among the stockholders ratably; and the board of directors shall thereupon file in the office of the Banking Commissioner a certificate surrendering the corporate franchise."

The Article has been repealed by the enactment of the Texas Banking Code of 1933, in Article 15 of Chapter VIII, as pointed out by this department in Opinion No. 0-5729, addressed to Honorable Jesse James, State Treasurer, in the following words:

"All unclaimed dividends and all funds hereafter available for non-claiming depositors and creditors, together with all funds held pursuant to the provisions of Article 540 of the Revised Civil Statutes of Texas, (which latter funds shall be transmitted by the State Treasurer to the Commissioner, together with a list of the depositors and creditors for whose benefit the same is held), shall be deposited by the Commissioner in one or more State banks for the benefit of the depositors and creditors entitled thereto."

Moneys thus deposited with the State Treasurer under Article 540 have never at any time been covered into the State Treasury. They have never been State funds. They have always been held in trust by the State Treasurer "for the use and benefit of such depositors and creditors" for whom the deposits were made by the liquidating bank.

In our opinion to the State Treasurer we specifically advised:

"1. All of the funds mentioned by you should be transmitted to the State Banking Commissioner.

"2. There should accompany this transmission 'a list of the depositors and creditors for whose benefit the same is held', and this list should of course include the respective amounts due to such depositors and creditors, and likewise the bank making the deposit. The treasurer should not transmit to the Commissioner the records, ledgers, lists and correspondence pertaining to same, since they constitute a part of the per-

manent archives of his office.  Those lists transmitted to the
Banking Commissioner should be certified under the hand and
seal of the State Treasurer.

"3.  The transmission by the State Treasurer to the Banking
Commissioner of the lists mentioned in Answer 1 relieves him of
all future responsibility and liability in regard to the trust
previously being administered by him."

Since such deposits have never been in the Treasury of the State,
it is not required, nor is it proper, for the Comptroller of
Public Accounts to issue warrants to the State Treasurer to pay
them out of any funds in the Treasury.  The holding of the
Treasurer of such funds is, as we have seen, on an express trust
for private individuals, and such funds, therefore, should be
disbursed by the trustee--the State Treasurer -- by paying the
same to the proper beneficiaries, or their order, either upon
demand or after judicial determination of the claim or claims
of such persons.

The State Banking Code above quoted specifically transfers the
trust to the State Banking Commissioner, upon precisely
the same trust as that in which it was held by the State Treasurer.

The status of such a fund is very closely akin to, if not identical
with, the Suspense Fund Account under Article 4364, Vernon's
Annotated Civil Statutes, with respect to which this department in
Opinion No. O-945, addressed to Honorable Tom C. King, State
Auditor and Efficiency Expert, advised:

"In Conference Opinion No. 3048, this department ruled that the
above-quoted Article allowed the payment of any money into the
Suspense Fund which is awaiting the time that the same can
finally be paid into the Treasury. It is the opinion of this
department that until the specified fund to which the money is
properly belonging can be determined that the same cannot finally
be taken into the Treasury.  In such a case such money could be
paid into the Suspense Fund even though there was no question
about the State's right to keep said money.  Our conclusion, in
this respect, is based upon an analysis of the statutes which
outline the authority of the Comptroller of Public Accounts and
of the State Treasurer in such a situation."  (Emphasis aupplied)

Trusting that what we have said sufficiently answers your inquiry,
we are

                              Very truly yours

APPROVED Mar 8, 1944      ATTORNEY GENERAL OF TEXAS      Approved
Geo. P. Blackburn                                        Opinion
Acting Attorney                                          Committee
Teneral of Texas          By        Ocie Speer          By BWB,
                                    Assistant            Chairman